CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK-HOUSING PART
------------------------------------------------------------X

MIHWA BAK,
332 Washington Avenue, Nutley, NJ 07110,

                         Petitioner-Landlord,

                  -against-

CHARISSE TAVANO,
635 West 42nd Street, Unit 23D, New York, NY 10036,

                         Respondent-Tenant,

"JOHN DOE," AND "JANE DOE,"
Names of Undertenants "John Doe" and "Jane Doe"
are fictitious and unknown to Petitioner. The persons
intended being those in possession of the Premises
herein described,

                        Respondent-Undertenants.
------------------------------------------------------------X

Index No. ~~____~~

64158 NLT 2009

HOLDOVER
NOTICE OF PETITION

      To the Respondents CHARISSE TAVANO, "JOHN DOE," AND "JANE DOE" above named and described, in possession of the premises hereinafter described or claiming possession thereof:

      PLEASE TAKE NOTICE THAT, a hearing at which you must appear will be held at the Civil Court of the City of New York, County of New York, located at 111 Center Street, New York, New York, Part _____, Room _____ on the 22nd day of April, 2009, at 9:30 A.M., which prays for a final judgment of eviction awarding to the Petitioner the possession of premises designated and described as follows: All rooms of Unit 23D in the building known as the Atelier Condominium, located at 635 West 42nd Street, Borough of Manhattan, City, County and State of New York, and further granting to the Petitioner such other and further relief as is demanded in the Petition which you must answer.

      PLEASE TAKE FURTHER NOTICE THAT, a demand is made in the Petition for judgment against you, the Respondent, for rent arrears through March 31, 2009 totaling $19,600.00 with interest, together with an award of use and occupancy of the Premises from April 1, 2009 in an amount to be determined by the Court, $1,078.31 in unpaid electric bills, attorneys' fees in a sum believed to be no less than $2,500.00, and, for the costs and disbursements of this proceeding.

      PLEASE TAKE FURTHER NOTICE THAT, your answer may be made at the time of the hearing specified above unless this Notice of Petition is served upon you on or before the

PART _H_ ROOM _116/B_ TIME _2:00 PM_

14th day of April, 2009, in which event you must answer at least THREE (3) days before the Petition is noticed to be heard, either orally before the clerk of the court at his or her office, or in writing by serving a copy thereof upon the undersigned attorney for the Petitioner, and by filing the original of such written answer with proof of service thereof in the office of the clerk at least THREE (3) days before the time the Petition is noticed to be heard; in addition thereto, you must appear before the court at the time and place hereinabove set forth for the hearing.

**PLEASE TAKE FURTHER NOTICE THAT**, your answer may set forth any defense or counterclaim you may have against the Petitioner, unless such defense or counterclaim is precluded by law or agreement of the parties.

**PLEASE TAKE FURTHER NOTICE THAT**, if you should fail at such time to interpose and establish any defense that you may have to the allegations of the Petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

**PLEASE TAKE FURTHER NOTICE THAT**, your failure to appear and answer may result in a final judgment of eviction by default for the Petitioner in the amount demanded in the Petition.

**PLEASE TAKE FURTHER NOTICE THAT**, under Section 745 of the Real Property Actions and Proceedings Law, you may be required by the Court to make a deposit of use and occupancy, or payment of use and occupancy to the petitioner, upon your second request for an adjournment or if the proceeding is not settled or a final determination has not been made by the Court within 30 days of the first court appearance. Failure to comply with an initial rent deposit or payment order may result in the entry of a final judgment against you without a trial. Failure to make subsequent required deposits or payments may result in an immediate trial on the issues raised in your answer.

CHIEF CLERK

Dated: New York, New York
April 7, 2009

APR 0 7 2009

NEW YORK COUNTY
CIVIL COURT

Clerk of the Civil Court

By: Jivon Kim, Esq.
Pak & Whang LLC
Attorneys for Petitioner
Office and P.O. Address
2011 Lemoine Avenue, Suite 205
Fort Lee, NJ 07024
(201) 461-3782

Index No. L&T  64158 NLT 2009

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK - HOUSING PART
_____

MIHWA BAK,

                       Petitioner-Landlord,

    -against-

CHARISSE TAVANO,
635 West 42nd Street, Unit 23D, New York, NY 10036,

                       Respondent-Tenant,

"JOHN DOE," AND "JANE DOE,"
Names of Undertenants "John Doe" and "Jane Doe" are fictitious and unknown to Petitioner.
The persons intended being those in possession of the Premises herein described,

                       Respondent-Undertenants.
_____

                       Notice of Petition

H/O

_____

Pak & Whang LLC
By: Jiwon Kim, Esq.
Attorneys for Plaintiff
Office and P.O. Address
2011 Lemoine Avenue, Suite 205
Fort Lee, NJ 07024
(201) 461-3782

16 West 32nd Street, Suite 705
New York, NY 10001
(By Appointment Only)

CHARISSE TAVANO
635 West 42nd Street, Apt. 23D
New York, New York 10036

October 25, 2008

Ms. Mihwa Bak
332 Washington Avenue
Nutley, New Jersey 07110

Re:   Apartment 23D, 635 West 42nd Street

Dear Ms. Bak,

Because you have failed to return my recent phone calls, I am writing to you to explain the circumstances regarding the lease on apartment 23D, 635 West 42nd Street. As we are both aware, my lease expired on September 30th 2008. As you further know, the lease expressly provides (see page 6, paragraph 36) that in the event that I elected to renew for an additional one year period, I was required to provide written notice to you, 90 days prior to the expiration of the lease on September 30, 2008. Since I never provided such notice - because I did not intend to renew - you have known for at least the last 90 days that I was not renewing the lease.

Indeed, after reviewing my lease and speaking with the broker who rented me the apartment and with my attorney, I have confirmed that there are no provisions in the lease requiring me to give you notice if I did not intend to renew, it only provides, as I have outlined above, that I was required to give you notice if I intended to renew.

In our several phone conversations regarding this matter, you indicated that you would leave the rent at the current $4,900 for another year if I would agree to renew, and while I appreciate your offer, I am afraid that I simply cannot afford to rent the apartment. When you expressed your concern that you would not be able to find a new tenant right away, you requested whether I would consider, as a courtesy to you (since I had no legal obligation to continue the tenancy) to remain as a month-to-month tenant for an additional month or two in an effort to give you a bit of time to find someone new. Accordingly, I have remained past the lease expiration date. However I don't know how much longer I will be able to accommodate you in this manner.

As I have previously explained, I will make sure that the apartment is available, at all reasonable times and upon reasonable notice, so that it can be shown by any brokers you may engage. I also told you that I would make myself available to any and all brokers to help assist you in this process.

Please let me know what your plans are, as I said I am willing to remain as a month-to-month tenant for a month or so to give you some additional time to find a new tenant, but I need to know how you want to proceed in the matter.

Yours truly,

Charisse Tavano