<u>**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED AND EMAIL**</u>

Charisse Tavano
REDACTED




Carolyn Daley Scott, Esq.
P.O. Box 314
Port Jefferson Station, NY 11776
info@carolyndaleyscottesq.com

October 14, 2022

Re:    <u>Mihwa Bak v. Charisse Tavano, Index No. L&T 64158-09/NY</u>

Dear Ms. Scott:

I am writing to notify you that you are trying to enforce a judgment that does not exist. Please cease your collection actions against me and refund the $100 in bank fees that I have incurred as a result of this error. Or, if you believe a judgment exists, please send me a copy of it.

On October 11, 2022, I received an email from Chase bank, informing me that my checking account was overdrawn. I logged onto my Chase app, which showed a negative balance of more than $46,000. When I called Chase, its legal department informed me that there was a restraint put on my account and that I should visit a branch for more information. An employee at the Chase branch told me that they do not see a money judgment and handed me an Execution with Notice to Garnishee containing your contact information. When I called you, you told me that you do not have a judgment to send to me because you are the second attorney picking up this case from another attorney. For your reference, I've enclosed the Marshal's Levy and Demand and Execution with Notice to Garnishee, both of which claim that there was a money judgment against me for $19,600 plus interest and other fees.

On October 12, 2022, I went to Manhattan Housing Court and learned that there is no record of a money judgment entered against me. Attached is the housing court case summary, showing a judgment of possession and a money judgment for 0 dollars, and screenshots of the housing court computer confirming this.

As a result of your error, I have been unable to access money from my bank account. On top of that, my bank charged me a $100.00 legal processing fee. *See* my bank transaction history, enclosed.

If you believe your client has a money judgment against me, please send me proof as soon as possible at my email address and mailing address listed above. If you do not have any basis to

collect against me, please confirm that you will cease all action against me, and please enclose a check for the $100 bank fee I incurred. I look forward to your prompt response.


Sincerely,


Charisse Tavano

Enclosures:   Marshal's Levy and Demand
Execution with Notice to Garnishee
Screenshot of court computer for L&T Index No. 64158-09/NY, *Mihwa Bak v. Charisse Tavano*
Housing court case summary for L&T Index No. 64158-09/NY, *Mihwa Bak v. Charisse Tavano*
Bank transaction history



# NEW YORK CITY MARSHAL
## Stephen W. Biegel

109 West 38th Street, Suite 200 • New York, NY 10018

Phone: (212) MARSHAL (627-7425) • Fax: (212) 398-2000

NYC@MarshalBiegel.com • www.NewYorkCityMarshal.com

## LEVY AND DEMAND ON

October 10, 2022

JP MORGAN CHASE
C/O CT CORPORATION SYSTEM
28 LIBERTY STREET 42ND FLOOR
NEW YORK NY 10005

**JUDGMENT CREDITOR**
MIHWA BAK

VS

CHARISSE TAVANO
REDACTED
**JUDGMENT DEBTOR**

**MARSHAL'S DOCKET # E-13392**

Attached is a Property Execution with Notice to Garnishee. As directed under **CPLR §5232(a)**, you are required to immediately turn over to me all property of the judgment debtor currently in your possession or custody, not to exceed the following amount:

| | |
|---|---:|
| Judgment | $19,600.00 |
| Interest | $23,835.34 |
| Statutory Fees | $110.00 |
| Expense | $1.10 |
| Poundage | $2,177.20 |
| **TOTAL** | **$45,723.64** |

Plus an additional $4.84 interest for each additional day from the date on this levy.

**\*DIRECT ALL PAYMENTS TO NYC MARSHAL BIEGEL AT ADDRESS ABOVE\***

**FOR BANK USE ONLY. Please checkmark account status:** ☑

- ☐ Check is enclosed and accounts released
- ☐ No account or assets maintained at this office
- ☐ Account open but contains no funds.
- ☐ Account(s) closed on: _____
- ☐ Joint account / Turnover needed
- ☐ The account of the judgment debtor is overdrawn

Name: _____ Position: _____

**I AGREE THAT THE FOLLOWING FORMS ARE ATTACHED TO THIS LEVY:**

- ☑ Execution
- ☑ Exemption notice and claim forms
- ☐ Information subpoena
- ☐ Restraining notice
- ☐ Copy of check
- ☐ Other _____

SIGNATURE OF OFFICIAL ACCEPTING LEVY: _____

PRINTED NAME: _____ DATE: _____ (BANKATT)

INTEREST SHALL BE ACCRUED PURSUANT TO CPLR 5004 AT A RATE OF 9 PERCENT (9%) PER ANNUM FROM THE DATE OF JUDGMENT ENTRY UNTIL APRIL 30, 2022 AND 2 PERCENT (2%) PER ANNUM THEREAFTER

CIVIL COURT OF THE CITY OF NEW YORK COUNTY OF NEW YORK

-----------------------------------------X            Index No. 64158 NLT 2009

MIHWA BAK
        Plaintiff

                                          EXECUTION WITH NOTICE
-against-                                       TO GARNISHEE

CHARISSE TAVANO
        Defendant
-----------------------------------------X

To The Marshal of the City of New York, Greeting:

    WHEREAS, in an action in the Civil Court of the City of New York County of NEW YORK, between MIHWA BAK as plaintiff and CHARISSE TAVANO, as defendant who are all parties named in said action, a judgment was entered on APRIL 07, 2009 in favor MIHWA BAK judgment creditor and against CHARISSE TAVANO, judgment debtor whose last known address is REDACTED REDACTED in the amount of $19,600.00 including costs, of which $19,600.00 together with interest from APRIL 07, 2009 at remains due and unpaid;

    NOW, THEREFORE, WE COMMAND YOU to satisfy said judgment out of the real and personal property of the above named judgment debtor and the debts due to him; and that only the property in which the judgment debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of the execution is made within that time or within extensions of that time made in writing by the attorney for the judgment creditor.

NOTICE TO GARNISHEE To:      CHASE
                                  00000

    WHEREAS, it appears that you are indebted to the judgment debtor, above named, or in possession or custody of property not capable of delivery in which the debtor has an interest, including, without limitation, the following specified debt and property: ANY AND ALL CHECKING AND/OR SAVINGS ACCOUNTS OR ANY OTHER FUNDS THAT MAY BE PAYABLE Debtor's SSN REDACTED

    NOW, THEREFORE, YOU ARE REQUIRED by section 5232(a) of the CPLR forthwith to transfer to the sheriff all personal property not capable of delivery in which the judgment debtor is known or believed to have an interest now in or hereafter coming into possession or custody including any property specified in this notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor, including any debts specified in this notice; and execute any documents necessary to effect such transfer or payment;

    AND TAKE NOTICE that until such transfer or payment is made or until expiration of 90 days after the service this execution upon you or such further time as provided by any order of the court served upon you whichever event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than said sheriff, except upon direction of said sheriff or pursuant to an order of the court;

    AND TAKE FURTHER NOTICE THAT at the expiration of 90 days after a levy is made by service of this execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void except as to property or debts which have been transferred or paid to said sheriff or as to which a proceeding under sections 5225 or 5227 of the CPLR has been brought.

                                                         _____   Dated: OCTOBER 07, 2022
                                                         Carolyn Daley Scott, Esq.
                                                         P.O. Box 314
                                                         Port Jefferson Station, NY 11776
                                                         (631) 938-1189

A notice to judgment debtor in the form presented by CPLR section 5222 has been served on the judgment debtor within a year.

Pursuant to subdivision (I) of section fifty-two hundred five of the Civil Practice Law and Rules, three ($3,000.00) dollars of an account containing direct deposit or electronic payments reasonably identifiable as statutorily exempt payments, as defined in paragraph two of subdivision (I) of section fifty-two hundred five of the Civil Practice Law and Rules, is exempt from execution and that the garnishee cannot levy upon or restrain three thousand ($3,000.00) in such an account.

Pursuant to subdivision (I) of section fifty-two hundred twenty-two of the Civil Practice Law and Rules, an execution shall not apply to an amount equal to or less than ninety percent of the greater of two hundred forty times the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or two hundred forty times the state minimum hourly wage prescribed in section six hundred fifty-two of the labor law as in effect at the time the earnings are payable, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his or her dependents.

Claim Number   H974866






## UCMSLC [Production] - Public NYC

File  Edit  Index  Tools  Court Dictionaries  Administration  Window  Help

**Case Activity**
**Search**

[Search] Case Activity - LT-064158-09/NY - (P) BAK, MIHWA vs. (R) TAVANO, CHARISSE *View Only*

Index #: LT-064158-09/NY    Cal #:    (P) BAK, MIHWA  vs.  (R) TAVANO, CHARISSE

Summary | Party | Service | Claim | Event | Motion | Decision | **Judgment** | Court Date | Form | Appeal | Subpoena | Stay/Misc

| Seq | Judgment Highlight | Status | Amount | Creditors | Debtors |
|---|---|---|---|---|---|
| 1 | Judgment with Possession, Wa... | Entered (04/30/2009) | $0.00 | (P) BAK, MIHWA | (R) TAVANO, CHARISSE |

[Select] [Add New] [Delete] [Amend...] [Copy...]

### Details:

**Activity** | Parties | Award | Rejection | Warrants

- Sequence: 1
- Type: Inquest
- ☑ With Possession
- Date Filed: 04/30/2009
- Decision Date: 04/30/2009
- Deciding Judge: Fitzpatrick, Thomas Michael
- Status: Entered

- Use and Occupancy:
- Based On:
- Date Entered: 04/30/2009
- Time Entered: 12:00 AM
- Transcript Printed:
- Judgment Printed:

[Change Status]

### Status Change History:

| Effective Date | Recorded Date | Status | Amount |
|---|---|---|---|
| 04/30/2009 | 04/30/2009 | Entered | $0.00 |
| 04/30/2009 | 04/30/2009 | Filed | |

Apply | Reset    Print Judgment | Print Transcript | Print Judgment & Transcript | Forms for Judgment...

[Cancel]

Activate Windows
Go to Settings to activate Windows.

## CASE SUMMARY

| | |
|---|---|
| Court: | New York County Civil Court |
| Index Number: | LT-064158-09/NY |

| | | | |
|---|---|---|---|
| Petitioner(s): | MIHWA BAK | | |
| | vs. | | |
| Respondent(s): | CHARISSE TAVANO; JOHN DOE; JANE DOE | | |

| | |
|---|---|
| Case Type: | Landlord and Tenant |
| Filed Date: | 04/07/2009 |
| Property Type: | Residential |
| Classification: | Holdover |
| Status: | Disposed |
| Disposed Date: | 04/30/2009 |
| Disposed Reason: | Conversion |

Property Address(es): 635 WEST 42ND STREET UN23D, NEW YORK, NY 10036, Additional Property Description: UNIT 23D

(P) MIHWA BAK
PAK & WHANG LLC - 2011 LEMOINE AVENUE SU205, FORT LEE, NJ 07024, 201-461-3782

(R) CHARISSE TAVANO - 635 WEST 42ND STREET UN23D, NEW YORK, NY 10036

(R) JOHN DOE - 635 WEST 42ND STREET UN23D, NEW YORK, NY 10036

(R) JANE DOE - 635 WEST 42ND STREET UN23D, NEW YORK, NY 10036

### PAPERS RECORDED

| | |
|---|---|
| 04/07/2009 | Conversion - Petition - Notice of Petition |
| 04/30/2009 | Judgment with Possession (Inquest), Seq 1, Filed Date: 04/30/2009, Total Judgment: $.00, Entered Date: 04/30/2009, Status: Entered (04/30/2009), Creditor(s): (P) MIHWA BAK, Debtor(s): (R) CHARISSE TAVANO; (R) JANE DOE; (R) JOHN DOE |
| 04/30/2009 | Conversion - Judgment Entered |
| 05/13/2009 | Marshal's Request for Warrant - Converted - Marshal Request, Reviewed Date: 05/18/2009, Enforcement Agency: NYC Marshal, Enforcement Officer: DALEY, HENRY {BADGE 39} |
| 05/13/2009 | Warrant (Original Issuance), Seq A, Judgment Seq 1, Ordering Judge: Thomas Michael Fitzpatrick, Issued/Signed Date: 05/18/2009, Issuance: No Stay/Issuance Forthwith, Execution: Stayed - Stip/Order, Enforcement Agency: NYC Marshal, Enforcement Officer: DALEY, HENRY {BADGE 39} |
| 03/07/2016 | Archive - File Returned |

### APPEARANCE ACTIVITY

This report reflects information recorded as of 10/12/2022 03:38 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

LT-064158-09/NY   (P) MIHWA BAK vs. (R) CHARISSE TAVANO

04/22/2009   Part H, Judge: Thomas Michael Fitzpatrick, Purpose: Conversion, Outcome(s): Adjourned
04/30/2009   Part H, Judge: Thomas Michael Fitzpatrick, Purpose: Inquest, Outcome(s): Conversion

This report reflects information recorded as of 10/12/2022 03:38 PM. Users should verify the accuracy of information by consulting original court records or sources. The Unified Court System is not responsible for consequential use of this data.

# Transaction History

**Customer:** CHARISSE TAVANO
REESE A TAVANO
**Account:** NY/NJ/CT/MA Checking #XXXXX█

**Current Balance** ❓
$429.99

**Present Balance** ❓
-$549.89

**Available Less Overdraft** ❓
-$46,273.53

*required field

**Calendar**

## Fees

*denotes end of day balance

| Date Posted | Tran Type | Description | $ Debits(-) | $ Credits(+) | $ Balance |
|---|---|---|---|---|---|
| 10/11/2022 | Fee | Legal Processing Fee | -100.00 | | |

Older