UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CHARISSE TAVANO,　　　　　　　　　　　　　　　Case No: 23-cv-08835

　　　　　　　　　　　　Plaintiff,　　　　　　　　**ANSWER TO PLAINTIFF'S COMPLAINT**

　　-against-

CAROLYN DALEY SCOTT, and
HK RECOVERY GROUP, INC.,

　　　　　　　　　　　　Defendants.
-------------------------------------------------------------------X

　　Defendants HK RECOVERY GROUP, INC. and CAROLYN DALEY SCOTT ("Defendants") by their attorneys, Marshall Dennehey, P.C., as and for their Answer to the Complaint, states:

## OPENING PARAGRAPH

　　Admitted in part and denied it part. It is admitted that Plaintiff alleges such causes of action. The remainder of the averments are conclusions of law to which no response is required; therefore, they are denied.

## PRELIMINARY STATEMENT

　　Denied. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family, or household use.

## JURISDICTION AND VENUE

　　1.　　The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

3. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## PARTIES

4. Admitted in part and denied in part. It is admitted that Plaintiff is a natural person; however, Defendants are without sufficient information as to the current residence of Plaintiff to form a belief as to the truth or falsity the remaining averments; therefore, the same are denied.

5. Denied. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family, or household use.

6. Admit.

7. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family, or household use.

8. Denied.

9. Admitted in part and denied in part. It is admitted that HK is a debt collector and domestic business corporation. The remainder of the averments are denied.

10. Admitted in part and denied in part. It is admitted that Defendant HK is a registered debt collector. The remainder of the averments are conclusions of law to which no response is required To the extent a response is required, those allegations are denied..

11. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

12. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family, or household use. To the extent a response is required, the allegations are denied.

## STATEMENT OF FACTS

### Ms. Tavano's Former Landlord Commenced a Housing Court Case and Failed to Obtain a Monetary Judgment

13. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment.

14. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document

15. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

16. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

17. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment.

18. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

19. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

20. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

21. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

22. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

23. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

24. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full

context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

25. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

26. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

27. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

28. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document.

29. The averments contained within this Paragraph are conclusions of law to which no response is required. Furthermore, Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged previous apartment and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

30. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent that the allegations pertain to the Defendants, they are denied.

31. Denied. Moreover, the averments contained within this Paragraph are conclusions of law to which no response is required.

## Defendants Enforce on a Nonexistent Judgment

32. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document.

33. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase.

34. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced documents.

35. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document.

36. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document.

37. Denied.

38. The averments regarding a "meaningful attorney review" are conclusions of law to which no response is required. To the extent that a response to the multiple legal conclusions in this paragraph is required, they are denied.

39. The averments contained within this Paragraph are conclusory and contain conclusions of law to which no response is required. To the extent that a response to the multiple legal conclusions in this paragraph is required, they are denied.

40. Denied.

41. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent that a response is required, they are denied.

42. Denied.

43. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document. To the extent that the allegations pertain to the Defendants, they are denied.

44. Denied.

45. Denied.

46. Defendants are without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family or household use. To the extent that the allegations pertain to the Defendants, they are denied.

**Ms. Tavano Learns There Is No Judgment and
Gives Defendants Notice that No Judgment Exists**

47. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase.

48. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Marshal Biegel.

49. Denies each and every allegation contained in this Paragraph except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced documents.

50. Denies each and every allegation contained in this Paragraph except admits that Defendant Scott is the second attorney on this case.

51. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document. To the extent the allegations pertain to Defendants, they are denied.

52. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with the Court and respectfully refers to the full context of the file.

53. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase and respectfully refers to the full context of the referenced document.

54. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with the Court and respectfully refers to the full context of the file.

55. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with the Court and respectfully refers to the full context of the referenced document.

56. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with the Court and respectfully refers to the full context of the referenced document.

57. Denied. Furthermore, Defendant is without information sufficient to form a belief as to the truth or falsity as to whether the alleged outstanding financial obligation was incurred primarily for personal, family, or household use.

58. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the allegation in this Paragraph and respectfully refers to the full context of the referenced document.

59. Denies each and every allegation contained in this Paragraph as alleged but admit that the letter was received and respectfully refers to the full context of the referenced document.

60. Denies each and every allegation contained in this Paragraph as alleged.

61. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the allegation in this Paragraph and respectfully refers to the full context of the referenced document.

62. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the allegation in this Paragraph and respectfully refers to the full context of the referenced document.

63. Denies each and every allegation contained in this Paragraph as alleged but admit that the letter was received and respectfully refers to the full context of the referenced document.

64. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the allegation in this Paragraph and respectfully refers to the full context of the referenced document.

65. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

66. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Marshal Biegel and respectfully refers to the full context of the referenced document.

67. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Chase.

68. Denies each and every allegation contained in this Paragraph as alleged.

69. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

70. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

71. Denies each and every allegation contained in this Paragraph as alleged.

72. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

73. Defendants are without information sufficient to form a belief as to the truth or falsity regarding the alleged communications with Marshal Biegel and respectfully refers to the full context of the referenced document.

74. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

75. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

76. Denies each and every allegation contained in this Paragraph as alleged except admits that Defendant Scott has communicated with the Plaintiff and respectfully refers to the full context of the referenced document.

77. Denies each and every allegation contained in this paragraph as alleged.

**Defendants Have a Pattern and Practice of Collecting on Consumers
Where No Judgment Exists**

78. These averments are denied as irrelevant and impertinent. The fact that a company or individual has been sued in the past is of no consequence to the claims in this case and is scandalous pleading that must be stricken as a matter of law.

79. Denied. These averments are denied as irrelevant and impertinent and improperly pleaded scandalous pleading. The pleadings in the cases alleged speak for themselves. Any implication is denied.

80. Denied. These averments are denied as irrelevant, scandalous, and impertinent. The fact that a company or individual has been sued in the past is of no consequence to the claims in this case. The pleadings in the cases alleged speak for themselves. Any implication is denied.

81. Denied. These averments are denied as irrelevant, scandalous, and impertinent. The fact that a company or individual has been sued in the past is of no consequence to the claims in this case. The pleadings in the cases alleged speak for themselves. Any implication is denied.

82. Denied. These averments are denied as irrelevant, scandalous, and impertinent. The fact that a company or individual has been sued in the past is of no consequence to the claims in this case. The pleadings in the cases alleged speak for themselves. Any implication is denied.

83. Denied. These averments are denied as irrelevant, scandalous, and impertinent. Moreover, such pleading violates R. 408 of the FRCP. The fact that a company or individual "settled" a case in the past is of no consequence to the claims in this case. The pleadings in the cases alleged speak for themselves. Any implication is denied.

**Defendants' Misconduct Inflected Damages on Ms. Tavano**

84. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegation in this paragraph.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied as alleged.

92. Denied as alleged.

## FIRST CLAIM FOR RELIEF
### Violations of the Fair Debt Collections Practices Act

93. Defendants repeat and reallages the responses set forth in paragraph designated "1" through "92" above, as if fully set forth herein in response to paragraph "93".

94. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent that a response to the multiple legal conclusions in this paragraph is required, they are denied.

95. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent that a response to the multiple legal conclusions in this paragraph is required, they are denied.

96. Denied. Defendants refer all questions of law to this honorable court.

97. Denied.

98. Denied.

99. Denied.

100. Denied. Defendants refer all questions of law to this honorable court.

101. Denied as alleged. The averments contained within this Paragraph are conclusions of law to which no response is required.

## SECOND CLAIM FOR RELIEF
### N.Y. Gen. Bus. Law § 349(a)

102. Defendants repeat and reallages the responses set forth in paragraph designated "1" through "101" above, as if fully set forth herein in response to paragraph "102".

103. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegation is denied.

104. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegation is denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied. Defendants refer all questions of law to this honorable court.

109. Denied.

110. Denied. Defendants refer all questions of law to this honorable court.

111. Denied as alleged.

### THIRD CLAIM FOR RELIEF
**Conversion**

112. Defendants repeat and reallages the responses set forth in paragraph designated "1" through "111" above, as if fully set forth herein in response to paragraph "112".

113. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegation is denied.

114. The averments contained within this Paragraph are conclusions of law to which no response is required. To the extent a response is required, the allegation is denied.

115. Denied.

116. Denied.

117. Denied as alleged.

118. Denied.

119. Denied.

## FOURTH CLAIM FOR RELIEF
### Negligence *Per Se*

120. Defendants repeat and reallages the responses set forth in paragraph designated "1" through "119" above, as if fully set forth herein in response to paragraph "120".

121. Denied as alleged.

122. Denied as alleged and refer all questions of law to this honorable court.

123. Denied as alleged and refer all questions of law to this honorable court.

124. Denied.

125. Denied.

126. Denied.

## JURY DEMAND

127. Denied as alleged and mis-numbered.

## FIRST AFFIRMATIVE DEFENSE

128. Plaintiff failed to state claims under the FDCPA for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

129. Plaintiff has failed to show any violation of the FDCPA and, therefore, is not entitled to attorneys' fees or costs.

## THIRD AFFIRMATIVE DEFENSE

130. Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Defendant.

## FOURTH AFFIRMATIVE DEFENSE

131. Even if Plaintiff presents a viable claims, which is denied by Defendants, she cannot rationally plead and has not offered any facts entitling Plaintiff to actual damages and his recovery is limited to a statutory recovery.

## FIFTH AFFIRMATIVE DEFENSE

132. In the event the Plaintiff is able to adequately plead an individual violation of the FDCPA, which Defendants deny, her entitlement to statutory damages runs from $1 to the cap of $1,000 per action. See 15 U.S.C. §1692k(a)(2)(A).

## SIXTH AFFIRMATIVE DEFENSE

133. In the event that Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per defendant. *Dunn v. Advanced Credit Recovery Inc.*, 2012 U.S. Dist. LEXIS 27205 (S.D.N.Y. Mar. 1, 2012); *Healy v. Midpoint Resolution Group, LLC*, No. 09 Civ. 117S, 2010 U.S. Dist. LEXIS 21865, 2010 WL 890996, at *3 (W.D.N.Y. Mar. 10, 2010); *Dowling v. Kucker Kraus & Bruh, LLP*, 2005 U.S. Dist. LEXIS 11000 (S.D.N.Y. 2005); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002); *Wiener v. Bloomfield*, 901 F. Supp. 771, 778 (S.D.N.Y. 1995); *Teng v. Metropolitan Retail Recovery*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994); *Donahue v. NFS, Inc.*, 781 F. Supp. 188, 191 (W.D.N.Y. 1991).

## SEVENTH AFFIRMATIVE DEFENSE

134. Plaintiff's Second Claim for Relief for violation of GBL § 349(a) fails to state a cause of action upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

135. Plaintiff's Third Claim for Relief for Conversion fails to state a cause of action upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE

136. Plaintiff's Fourth Claim for Relief for Negligence *Per Se* fails to state a cause of action upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

137. The Plaintiff's claims are barred pursuant to the Doctrine of *in Pari Delicto*.

## ELEVENTH AFFIRMATIVE DEFENSE

138. The Statute of Frauds bars Plaintiff's claims.

## TWELFTH AFFIRMATIVE DEFENSE

139. Plaintiff's claims are barred by the Statute of Limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

140. That the damages allegedly suffered by the injured Plaintiff was caused in whole or in part by the culpable conduct of the injured Plaintiff herself. The Plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct of the injured Plaintiff bears to the total culpable conduct causing the damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

141. These answering Defendants at all relevant times made a good faith effort to comply with all applicable statutes and law and, therefore, Plaintiff cannot recover punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

142. Any alleged emotional distress, mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, or loss of reputation that the Plaintiff purportedly suffered was not caused by these answering Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

143. Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendants are entitled to recover all costs and attorneys' fees incurred herein based on, inter alia, the United States Supreme Court decision in *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412 (1978).

## SEVENTEENTH AFFIRMATIVE DEFENSE

144. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, res judicata, and/or unclean hands.

## RESERVATION OF RIGHTS

These answering Defendants reserve the right to amend their Answer and Defenses, and to raise additional defenses as may be discovered during Defendants' continuing factual investigation and/or during the course of this proceeding.

**WHEREFORE,** these answering Defendants demand judgment as follows:

a) Dismissing the Complaint in its entirety with prejudice;

b) Granting Defendants their costs, disbursements, and attorneys' fees incurred in defending this Complaint; and

c) Granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
   February 8, 2024

        Yours, etc.,

        **MARSHALL DENNEHEY, P.C.**

    By: *Whitley V. Smith*
       Whitley V. Smith Esq.
       *Attorneys for Defendants*
       *Wall Street Plaza, 88 Pine Street, 21st Floor*
       *New York, New York 10005*
       *Tel.: (212) 376-6400/(631) 232-6130*

TO: **ALL PARTIES VIA ECF**

# CERTIFICATE OF SERVICE
## VIA NYSCEF

Case No: 23-cv-08835

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF SUFFOLK     )

      DONNA M. SANDERSON, being duly sworn, deposes and says that deponent is not a party to the within action, is over 18 years of age and resides in Suffolk County, New York.

      That on the 8th day of February, 2024, deponent served the within **ANSWER TO PLAINTIFF'S COMPLAINT** upon all parties as appearing on the Supreme Court, State of New York Electronic Filing Website, at the e-mail addresses designated by said parties in this matter for that purpose.

*Donna M. Sanderson*
DONNA M. SANDERSON

Sworn to before me this
8th day of February 2024.

STEPHANIE M. NIXON
Notary Public, State of New York
No. 01N16151133
Qualified in Nassau County
Commission Expires August 14, 2026