# AHMAD KESHAVARZ
*Attorney at Law*

16 Court St., 26th Floor  
Brooklyn, NY 11241-1026  
www.NewYorkConsumerAttorney.com  
E-mail: ahmad@NewYorkConsumerAttorney.com  
Telephone: (718) 522-7900  
Fax: (877) 496-7900

March 1, 2024

VIA ECF  
Hon. Mary Kay Vyskocil  
United States District Judge  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

      Re:    **Joint Initial Conference Letter.**  
               *Tavano v. Scott, et al.,* **Case 1:23-cv-08835-MKV**

Dear Judge Vyskocil:

Please allow the following to serve as the Parties joint initial conference letter.

1. <u>A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case;</u>

    This lawsuit seeks relief, including actual and punitive damages, for Defendants' alleged violations of the FDCPA, GBL § 349, conversion, and negligence *per se* when they executed upon a non-existent "$0.00" money judgment, freezing Ms. Tavano's bank account and garnishing her money, including $434.65 that has yet to be returned. In addition to the monetary harm, Ms. Tavano seeks compensation for her garden variety emotional distress damages.

    The major legal and factual issues for Plaintiff concern evidence of whether Defendants' conduct renders them liable for punitive damages, which can be discovered through fact discovery and their depositions.

    Defendants' deny liability for all claims.

2. <u>A brief statement by the plaintiff, or by the defendants in removed cases, as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes. In cases invoking the Court's diversity jurisdiction, the parties should state both the place of incorporation and the principal place of business of any party that is a corporation, and the citizenship of all members, shareholders, partners, and/or trustees of any party that is a partnership, limited partnership, limited liability company, or trust;</u>

    The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the dispute involved predominant issues of federal law under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et. seq.* ("FDCPA"). The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Venue in the Southern District of New York is

proper because Ms. Tavano lives in the Southern District and all or a substantial part of the events or omissions giving rise to the claims in this action occurred in New York, New York.

3. <u>A statement of procedural posture, including</u>

    a. <u>A brief description of any (i) motions that have been made and decided, (ii) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (iii) pending motions and (iv) other applications that are expected to be made at the conference;</u>

        i. No motions have been made;

        ii. Plaintiff anticipates seeking a motion for summary judgment after the completion of discovery for liability for the claims;

        iii. Defendants anticipate filing a Protective Order pursuant to FRCP 26(c);

        iv. There are no pending motions; and

        v. No other applications.

    b. <u>A brief description of any discovery that has already taken place, and a brief description of any discovery that the parties intend to take in the future; and</u>

    Plaintiff propounded subpoenas on the New York City Marshal and on Plaintiff's bank. After review of the Marshal's subpoena response, Plaintiff has determined that her good cause for additional days to amend is moot, and thus that the additional 30 days to the other deadlines of the scheduling order are no longer necessary. Plaintiff has produced the Marshal's subpoena response to Defendants. Defendants have been informed of Plaintiff's position and are considering whether they would agree to withdraw the request for the additional days for discovery.

    Plaintiff has propounded her initial disclosures and discovery requests on Defendants seeking copies of checks and emails related to the collection of the judgment and underlying debt, account notes and collection software screenshots, the number of judgment accounts Defendants have for collection where they do not have possession of the judgment, the number of collection accounts where the judgment just possessory and does not include a money judgment, and the number of collection accounts where they do not have the affidavit of service. Plaintiff has circulated a proposed protective order to Defendants for their review.

    Defendants served their initial disclosures and will be imminently propounding discovery requests seeking copies of medical records of plaintiff, copies of checks and emails related to the collection of the debts, and communication among the parties. Defendants anticipate filing a protective order. Additionally, Defendants intend on taking Plaintiff's deposition expeditiously. Defendants also may depose Plaintiff's damages witnesses. Defendants will consider conducting an IME of Plaintiff.

    Plaintiff seeks to take depositions within 45 days and is requesting Defendants' availability to do so.

    c. <u>A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and</u>

On February 21, 2024, the parties had a video conference by Zoom to discuss the proposed case management plan. Defendants requested a demand and advised that they sought to mediate the case at the earliest opportunity. Plaintiff advised that they would not issue a settlement demand or mediate until the close of fact discovery. However, since that time, Plaintiff advised that they are willing to mediate the case expeditiously. Defendants are awaiting Plaintiff's settlement demand. In light of the Court's recent Order, the parties met by Zoom again on February 29, 2024 to discuss mediation and settlement, particularly to make a showing to Your Honor that the failure to file this letter by the deadline does not mean that we are not working diligently on this matter.

The parties have agreed that they will either select a mediator or request a referral to the Southern District of New York mediation program by March 8, 2024. The parties will seek to have a mediation as soon as possible once the mediator is agreed on. Plaintiff anticipates that the earliest available dates will be in April, if not May.

4. <u>Any other information the parties believe may assist the Court in resolving the action.</u>

No further information.

Respectfully,

/s/

Emma Caterine and Whitley Smith

cc: all attorneys of record via ECF