# AHMAD KESHAVARZ
*Attorney at Law*

16 COURT ST., 26TH FLOOR  
BROOKLYN, NY 11241-1026

WWW.NEWYORKCONSUMERATTORNEY.COM  
E-mail: ahmad@NewYorkConsumerAttorney.com

Telephone: (718) 522-7900  
Fax: (877) 496-7900

February 29, 2024

VIA ECF  
Hon. Mary Kay Vyskocil  
United States District Judge  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl St.  
New York, NY 10007-1312

      Re:     Plaintiff's Response to Order to Show Cause as to Sanctions.  
               *Tavano v. Scott, et al.,* Case 1:23-cv-08835-MKV

Dear Judge Vyskocil:

      The undersigned, along with CAMBA Legal Services, represents Plaintiff Charisse Tavano in this suit against Defendants for their violations of the Fair Debt Collection Practices Act, and for related claims.

      First, before addressing why the parties should not be sanctioned for failure to comply with a Court order and the Court's individual rules, Plaintiff apologizes for the misunderstanding that led to the failure to submit the joint letter for the initial conference and wish to ensure the court it will not happen again.

      District courts have broad discretion to impose sanctions because "the district court is familiar with the issues and litigants and is thus better situated than the court of appeals to marshal the pertinent facts and apply a fact-dependent legal standard." *Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) *quoting Storey v. Cello Holdings,* 347 F.3d 370, 387 (2d Cir.2003). *Sua sponte* sanctions requires a heightened standard of review and "should issue only upon a finding of subjective bad faith." *Id.* Additionally, *Muhammad*, addresses whether conduct by an attorney or party is sanctionable rather than a failure to act. *See also e.g. Mone v. Comm'r*, 774 F.2d 570, 575 (2d Cir. 1985) ("sanctions against the attorney are justified for his totally meritless appeal"). But there are some Second Circuit decisions addressing the failure to engage in conduct. *In re DeMarco*, 733 F.3d 457, 463 (2d Cir. 2013) ("defaults in several cases" due to failure to review dockets for as much as two years) and *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997) ("the sanction appears to be unsupportable, given the district court's explicit findings that Wise's failure [to timely amend a complaint as ordered] did not unduly prejudice defendants and was the result of 'excusable neglect'").

      While Plaintiff's counsel made a regrettable error, it does not warrant sanctions at this time as the conduct was not in bad faith (*Muhammad*, 732 F.3d at 108) and has not unduly prejudiced the litigation and expedient resolution of this case (*Sakon,* 119 F.3d at 114). As detailed in length in the parties' joint letter, Plaintiff has proceeded with both discovery and arranging for mediation despite the failure by Plaintiff's counsel to file the letter.

      The failure to file the required so-ordered joint letter one week prior to the initial conference was the result of misunderstanding rather than bad faith and will not happen again. Specifically, Plaintiff's counsel confused the joint letter requirement with the section of the form

case management plan under the header "**TO BE COMPLETED BY COURT:**" which includes instructions for a joint letter to be submitted on week before the Post-Discovery Conference rather than the initial conference. I had reviewed Your Honor's Order at the time it was issued, but when subsequently filling out the case management plan I mistakenly thought that the reference was to the Post-Discovery Conference letter. I should have made a point to double-check Your Honor's Order and Rules, where I would have seen that the parties were required to submit a joint letter before the initial conference.

      I regret the error and am embarrassed to have caused a problem for myself, my client, and my co-counsel. However, I did not act in bad faith, and am deeply sorry for the error and wish to ensure the court it will not happen in the future. On that basis, Plaintiff does not believe sanctions are warranted at this time.

Respectfully,

    /s/

Emma Caterine

cc: all attorneys of record via ECF