

Wall Street Plaza, 88 Pine Street, 21st Floor, New York, NY 10005-1801
(212) 376-6400  Fax (212) 376-6490

Direct Dial:  (212) 376-6431
Email:  wvsmith@mdwcg.com

March 1, 2024

Via ECF
Hon. Mary Kay Vyskocil
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

> RE: Defendants' Letter Regarding Order to Show Cause for Sanctions
> *Tavano v. HK Recovery Group, Inc*. et al, 1:23-cv-08835-MKV

Dear Judge Vyskocil:

As you are aware, our office represents HK Recovery Group, Inc., and Carolyn Daley Scott in connection with this matter. Please accept this response to the Court's Order to Show Cause why counsel should not be sanctioned.

First and foremost, Defendants sincerely apologize to the Court for the failure to comply with the Court's Order and Your Honor's Individual Rules requiring the submission of a joint letter along with the case management plan one week prior to the initial conference. This was an inexcusable oversight, and it will not happen again.

It is well recognized that "the Court may impose sanctions through its inherent power, which stems from the very nature of courts and their need to be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)) (internal quotation marks omitted)." *Olive Grp. N. Am. LLC v. Afghanistan Int'l Bank*, No. 21-CV-10836 (ER), 2023 WL 2644350 (S.D.N.Y. Mar. 27, 2023). Further, "[w]hen, as here, a court considers whether to impose sanctions *sua sponte*, it 'is akin to the court's inherent power of contempt,' and, 'like contempt, *sua sponte* sanctions in those circumstances should issue only upon a finding of subjective bad faith.' *Muhammad v. Walmart Stores E., L.P.,* 732 F.3d 104, 108 (2d Cir. 2013)." *Mata v. Avianca, Inc.*, No. 22-CV-1461 (PKC), 2023 WL 4114965, (S.D.N.Y. June 22, 2023).

Although Defense counsel's oversight resulted in non-compliance with the Court's February 14, 2024 Order and Individual Rules, the oversight was not a result of any frivolous conduct or bad faith. Neither party has been prejudiced. Defense counsel sincerely apologizes for any inconvenience they have caused the Court. Defendants and Plaintiff are proceeding with discovery in accordance with the Court's Order and are in the midst of scheduling mediation. The parties have been working together and hope to resolve this matter expeditiously.

Defendants' counsel takes full responsibility for their failure to comply with the requirements of submitting both a case management plan and a joint letter as required by Your Honor's Rules and Order prior to the initial conference. This was an avoidable error and it will never happen again.

We sincerely apologize to the Court and Your Honor for this mistake. We hold this Court and Your Honor in the highest regard and we regret that this occurred. This transgression was not the result of any bad faith nor frivolous conduct. Counsel respectfully requests that the Court refrain from issuing sanctions as this was an isolated transgression that will not be repeated.

Respectfully submitted,

Nicholas P. Chrysanthem, Esq.

Whitley V. Smith, Esq.